IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41483
Summary Calendar
_____

L.B. PATTON,

Plaintiff-Appellant,

versus

STEVEN R. SWIFT; FRANCIS CHERIAN, DR.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:99-CV-298
--------------------
July 16, 2002

Before REAVLEY, HIGGINBOTHAM and WIENER, Circuit Judges.

PER CURIAM:[*]

L. B. Patton, Texas prisoner # 579695, argues that the district court erred in dismissing his 42 U.S.C. § 1983 claim that Warden Steven Swift and Dr. Francis Cherian conspired to change his medical restrictions so that he could be assigned to work in the fields.  He argues that Swift and Dr. Cherian changed his medical restriction although they knew there was a substantial risk of serious harm in requiring him to work in the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fields.  Because Patton's medical restrictions were changed by Physician Assistant J. Gabbard, Patton has not shown that Warden Swift and Dr. Cherian personally changed his medical restrictions in deliberate indifference to his serious medical needs.  See Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 454-55 (5th Cir. 1994) (en banc).

Patton alleges that Dr. Cherian committed medical malpractice by not examining him to determine the extent of his physical abilities.  However, medical malpractice or negligence does not amount to a constitutional violation.  See Estelle v. Gamble, 429 U.S. 97, 107-08 (1976); Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989).

Patton also argues that Dr. Cherian changed his medical restrictions in retaliation against him for presenting evidence concerning Dr. Cherian in another civil case.  Patton has not shown that Dr. Cherian personally changed his medical restrictions and has not presented any direct evidence from which retaliation by any prison official may be inferred.  See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

AFFIRMED.